**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JODY BARONE,

    Petitioner,

v.                                                          CASE NO: 8:15-cv-1643-T-30MAP
                                                                              Crim. Case No: 8:14-cr-224-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Jody Barone's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1). The Court having reviewed the pleadings, arguments, and record, concludes that Petitioner's motion should be denied.

## BACKGROUND

Jody Barone ("Petitioner") was charged with (1) making counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 471, and (2) possession and concealment of counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 472. (CR Doc. 12). On July 30, 2014, pursuant to a written plea agreement, Petitioner entered a guilty plea to making counterfeit Federal Reserve notes. (CR Docs. 24, 26). Petitioner was subsequently sentenced to 33 months' imprisonment and three years of supervised release to run consecutively to the sentences imposed in state court case numbers CRC13-8023CFAWS,

CRC14-00040CFAWS, and CRC14-1619CFAWS. (CR Doc. 37). Petitioner did not file a direct appeal. (CV Doc. 1 at 2).

## DISCUSSION

Petitioner asserts that his counsel was deficient during sentencing because he failed to object to Petitioner's sentence on several grounds and failed to request jail credit for time spent in federal custody from June 30, 2014, to April 29, 2015. (CV Doc. 1). Ineffective-assistance-of-counsel claims are cognizable under § 2255. *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (per curiam). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective-assistance-of-counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds." (internal quotation marks omitted)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an

2

actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Thus, Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**GROUND 1: Whether counsel was ineffective for failing to object to an enhancement under United States Sentencing Guideline § 2B5.1(b)(1)(A).[1]**

Petitioner argues that counsel was ineffective because he did not object to a one-level enhancement applied under U.S.S.G. § 2B5.1(b)(1)(A). (CV Doc. 1 at 5). United States Sentencing Guideline § 2B5.1(b)(1)(A) provides that "[i]f the face value of the counterfeit items . . . exceeded $2,000 but did not exceed $5,000, increase [base offense level] by 1 level." Petitioner's plea agreement provides that the value of the counterfeit notes found in Plaintiff's possession totaled $4,478. (CR Doc. 24 at 19). Petitioner asserts based on Note 3 to U.S.S.G. § 2B5.1, that counsel should have investigated or objected to the value of the counterfeit notes allegedly found in Petitioner's possession because the

---

[1] Petitioner cites U.S.S.G. § 5G1.3(b)(1)(A), however, the enhancement Petitioner challenges was applied under U.S.S.G. § 2B5.1(b)(1)(A). Thus, the Court analyses Petitioner's claim as though he challenged the enhancement pursuant to U.S.S.G. § 2B5.1(b)(1)(A).

3

notes were only printed on one side and were "so obviously counterfeit that they [were] unlikely to be accepted even if subjected to only minimal scrutiny." (CV Doc. 1 at 5).

Note 3 specifically states that it applies only to subsection (b)(2)(A). Because Note 3 does not apply to subsection (b)(1)(A), counsel was neither ineffective for failing to object to the enhancement on this ground nor was Petitioner prejudiced. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise non-meritorious objection). Petitioner is not entitled to relief on Ground 1.

**GROUNDS 2 and 3: Whether counsel was ineffective for failing to object to an enhancement under United States Sentencing Guideline § 2B5.1(b)(2)(A) and (b)(3).**

Petitioner asserts that counsel was ineffective because he failed to object to a two-level enhancement applied in accordance with U.S.S.G. § 2B5.1(b)(2)(A). (CV Doc. 1 at 6). United States Sentencing Guideline § 2B5.1(b)(2)(A) provides "[i]f the defendant . . . manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting . . . increase [base offense level] by 2 levels." Petitioner raises the same issue as raised in Ground 1. Namely, that pursuant to Note 3, the enhancement should not apply because the items produced by Petitioner were "so obviously counterfeit that they are unlikely to be accepted even if subjected to only minimal scrutiny." (CV Doc. 1 at 6). Accordingly, Petitioner argues that counsel was ineffective for failing to object to the enhancement on this ground.

Petitioner also claims that counsel was ineffective because he failed to object to a three-level enhancement applied pursuant to U.S.S.G. § 2B5.1(b)(3). United States

4

Sentencing Guideline § 2B5.1(b)(3) provides that "[i]f subsection (b)(2)(A) applies, and the offense level determined under that subsection is less than level 15, increase to level 15." After applying subsection (b)(2)(A), Petitioner's offense level was 12; thus, the enhancement applied and his offense level was increased to 15. (PSR at 5). Since Petitioner contends that subsection (b)(2)(A) was erroneously applied, he asserts that counsel was also ineffective for failing to object to the three-level enhancement under subsection (b)(3). (CV Doc. 1 at 8).

United States Sentencing Guideline § 2B5.1(b)(2)(A) provides for a two-level upward adjustment if the defendant (1) manufactured or produced any counterfeit obligation or security of the United States, OR (2) possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting. Petitioner's plea agreement demonstrates that authorities recovered several ink jet printers, copiers, and scanners, a laser jet printer, a photo scanner, and sheets of counterfeit Federal Reserve notes in various denominations from Plaintiff's residence. (CR Doc. 24 at 17). They also recovered ink cartridges, specialized metallic inks, medical tape, glue, ivory stationary stock paper, and paper cutters consistent with manufacturing counterfeit currency. (*Id.* at 18). A counterfeit $20 note was also found in Petitioner's wallet. (*Id.* at 21).

Petitioner agreed to the facts as laid out in the plea agreement, which show that he possessed or had custody or control over a counterfeiting device or materials used for counterfeiting and possessed at least one counterfeit note that would have passed muster under minimal scrutiny. Thus, although the one-sided sheets found in his possession may not have been accepted under minimal scrutiny, he had other items in his possession that

5

subjected him to the enhancement under subsection (b)(2)(A) and would not be subject to the caveat of Note 3. Any objection to the two-level enhancement on the basis of Note 3 would have failed. Because Petitioner's base offense level was properly enhanced under subsection (b)(2)(A), any objection to enhancement under subsection (b)(3) would have also failed. Thus, counsel was neither deficient for failing to object to the enhancements applied pursuant to subsections (b)(2)(A) and (b)(3) nor was Petitioner prejudiced. Grounds 2 and 3 do not warrant relief.

**GROUND 4: Whether counsel was ineffective for failing to request jail credit for the period of June 30, 2014, through April 29, 2015.**

Petitioner alleges that counsel was ineffective because he failed to request that Petitioner receive jail credit for time spent in federal custody from June 30, 2014, through April 29, 2015. (CV Doc. 1 at 9). According to Petitioner, he was arrested on May 13, 2014, and released on bond. On May 19, 2014, Petitioner was arrested by the State of Florida on drug charges. After his state-court conviction on June 30, 2014, he was released into federal custody for federal prosecution. According to Petitioner, a writ of habeas corpus ad prosequendum was not sought to obtain custody of him from the State, and therefore, counsel should have sought credit for jail time served while in federal custody.

As an initial matter, Petitioner is mistaken in that the government sought and was granted a writ of habeas corpus ad prosequendum of Petitioner. (CR Doc. 15). As to the jail credit issue, 18 U.S.C. § 3585 provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In *United States v. Wilson*, 503 U.S. 329, 333-34 (1992), the Supreme Court held that under § 3585(b), a district court is not authorized to award custody credit at sentencing because the plain language of the statute makes clear that the computation of custody credit must occur *after* the defendant begins his or her sentence. Accordingly, it is the duty of the Attorney General, through the Bureau of Prisons ("BOP"), to compute the amount of custody credit a defendant should receive after the defendant begins his or her sentence. *Id.* at 334-35. If, at that time, the defendant seeks to challenge the BOP's calculation of custody credit, he or she must first seek administrative review of that decision under 28 C.F.R. §§ 542.10-542.16. *Id.* at 335. Only after the defendant has exhausted administrative remedies may he or she seek judicial review of the determination of custody credit. *Id.*

Because the district court is unable to consider custody credit at sentencing, counsel was not ineffective for failing to request that Petitioner receive custody credit for time spent in federal custody from June 30, 2014, through April 29, 2015. Additionally, Petitioner was not prejudiced. Moreover, BOP records reflect that Petitioner has not yet sought any administrative remedy regarding his custody credit that would fulfill the exhaustion requirement and entitle him to judicial review. (CV Doc. 6, Ex. A). Petitioner is not entitled to relief on Ground 4.

## **CONCLUSION**

Petitioner has not demonstrated that counsel's performance was deficient as to any of the four grounds raised, and, even if counsel's performance could be deemed deficient, Petitioner has not demonstrated prejudice. Because Petitioner has not satisfied both prongs of *Strickland*, he is not entitled to relief.

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Jody Barone's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DENIED.

2. The Clerk is to enter judgment for Respondent United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 39 in the underlying criminal case, case number 8:14-cr-224-T-30MAP.

## **CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529

U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 7th day of December, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-1643 deny 2255.docx